# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN CHRISTOPHER CRAIN,

    Petitioner,

v.

NEVADA PAROLE AND PROBATION, et al.,

    Respondents.

Case No. 2:19-cv-02230-RFB-NJK

**ORDER**

Petitioner Steven Christopher Crain initiated this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254. This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the petition as a second or successive petition.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. <u>Valdez v. Montgomery</u>, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may also dismiss claims at screening for procedural defects. <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1128 (9th Cir. 1998).

Crain challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada ("state court"). <u>State of Nevada v. Crain</u>, Case No. 00C166673.[2] In September 2000, Crain pleaded guilty to one count of attempted lewdness with a child under the age of 14. The state court sentenced him to 44–120 months of incarceration along with lifetime

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the state district court and appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

supervision. The original judgment of conviction was entered on October 25, 2000, and an amended judgment was entered on May 30, 2002. Crain did not pursue a direct appeal. His sentence was discharged on March 22, 2006.

The current action is Crain's sixth attempt to obtain federal habeas relief regarding his Nevada conviction. He filed his first federal petition in this district in June 2009. Crain v. Nevada Parole and Probation, Case No. 2:09-cv-1099-RLH-PAL. The Court dismissed the action as untimely pursuant to 28 U.S.C. § 2244(d). Id., ECF No. 5 (Sept. 21, 2009 order). Both this Court and the Court of Appeals for the Ninth Circuit denied a certificate of appealability. Crain challenged his conviction again in Crain v. State of Nevada, Case No. 2:11-cv-2014-ECR-VCF. The Court dismissed that action as untimely. Id., ECF No. 2 (Jan. 27, 2012 order). The Ninth Circuit dismissed Crain's subsequent appeal for failure to pay the filing fees. Crain's third petition in Crain v. Nevada Parole and Probation, Case No. 2:14-cv-1056-GMN-NJK, ECF No. 6 (Sept. 30, 2014 order), was dismissed as successive since federal habeas law required him to obtain authorization from the Ninth Circuit to file a second or successive petition but he did not do so. The Court referred the petition to the Ninth Circuit for consideration as an application to file a second or successive petition, and the Ninth Circuit denied it. Crain's fourth petition was also dismissed as second or successive. Crain v. Nevada Parole and Probation, Case No. 2:16-cv-1828-KJD-CWH, ECF No. 4 (Oct. 26, 2016 order). The Ninth Circuit denied a certificate of appealability. Most recently, in Crain v. Nevada Parole and Probation, Case No. 2:18-cv-0382-JAD-CWH, ECF No. 4 (Mar. 6, 2018 order), the Ccourt dismissed Crain's fifth petition as second or successive. He did not seek a certificate of appealability from the Ninth Circuit.

"[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). A petition is second or successive if it attacks the same judgment of conviction as a prior federal petition that was decided on its merits and raises claims based on facts that had occurred by the time of the prior petition. Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom.* Brown v. Hatton, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019) ("It is now understood that a federal habeas petition is second

or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

In the current petition, Crain asserts that his Alford plea was not voluntary because newly discovered evidence demonstrates that he is factually innocent. He asserts that his conviction was obtained through perjured testimony by the victim and her mother. He further alleges ineffective assistance of counsel based on his public defender purportedly knowing and allowing prosecutors to use the perjured testimony, and prosecutorial misconduct based on an alleged failure to disclose exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). These are the same allegations Crain advanced in his 2009 federal petition and he realleged in each of his subsequent petitions. His current claims are therefore based on facts that existed at the time of his 2009 federal petition, which renders the current petition second or successive.

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. Brown, 889 F.3d at 667. Crain does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition, nor do the records of the Court of Appeals reflect that he obtained any such authorization. Accordingly, the current petition is second or successive petition and must therefore be dismissed for lack of jurisdiction.[3]

///

---

[3] Even if the current petition was not second or successive, it is subject to dismissal as untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") **Error! Main Document Only.**establishes a one-year period of limitations to file a federal habeas petition pursuant to 28 U.S.C. § 2254. Judicially noticeable facts indicate that Crain's amended judgment of conviction was entered on May 30, 2002, and he did not file a direct appeal. When no direct appeal is filed, a judgment of conviction becomes final when the time period for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012). In Nevada, a notice of appeal must be filed "with the district court clerk within 30 days after the entry of the judgment or order being appealed." Nev. R. App. P. 4(b)(1). Because Crain did not appeal and the 30-day deadline fell on Saturday, June 29, 2002, his judgment became final on the following business day: Monday, July 1, 2002. The AEDPA limitation period began running the following day and expired on July 1, 2003. Crain filed his first federal petition nearly six years later. This Court specifically considered and rejected his arguments for equitable tolling. Crain v. Nevada Parole and Probation, Case No. 2:09-cv-01099-RLH-PAL, ECF No. 5 (Sept. 21, 2009 dismissal order). The Ninth Circuit denied Crain a certificate of appealability. Accordingly, the current petition is patently time-barred.

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner Steven Christopher Crain's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED for lack of jurisdiction as a second or successive petition.
2. Crain is DENIED a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.
3. The Clerk of Court shall enter final judgment accordingly and CLOSE this case.
4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED this 7th day of January, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**